UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsd.uscourts.gov

In re:

                                        CASE NO.: 23-13357-PDR

                                        Chapter 13

DAVID WALLACE GEMMELL

                                        Adv. Proc. No.  -_____-__

    Debtor.
_____/

Drs. Arezou Shahbazi, Joshua Kats,
and Sean Hershberger,

    Plaintiffs

vs.

DAVID WALLACE GENNELL,

    Defendant.
_____/

**DRS. AREZOU SHAHBAZI, JOSHUA KATS, AND
SEAN HERSHBERGER'S COMPLAINT
OBJECTING TO DISCHARGEABILITY OF DEBT
AND ASSERTING STATE LAW CAUSES OF ACTION**

       Drs. Arezou Shahbazi, Joshua Kats, and Sean Hershberger (collectively, the "Creditors" or "Plaintiffs"), pursuant to Federal Rules of Bankruptcy Procedure 5005(a) and 7003, sue the Defendant David Wallace Gemmell, (the "Debtor") and allege:

**PARTIES AND JURISDICTION**

       1.     This Court has jurisdiction in this proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(I), 11 U.S.C. § 523(c), and Admin. Order 2012-25 of the United States District Court

for the Southern District of Florida, referring bankruptcy matters to this court. It is a core proceeding.

2. Plaintiff, Dr. Arezou Shahbazi, is a creditor in this Chapter 13 case.

3. Plaintiff, Dr. Joshua Kats, is a creditor in this Chapter 13 case.

4. Plaintiff, Dr. Sean Hershberger, is a creditor in this Chapter 13 case.

5. The Defendant is the Debtor in this Chapter 13 case.

6. All conditions precedent to the filing of this action have been satisfied or waived.

## STATEMENT OF THE ULTIMATE FACTS

7. On April 28, 2023, the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code. ECF No. 1. In his schedules, the Debtor listed claims for unknown amounts in favor of each of the Plaintiffs.

8. Prior to his filing for bankruptcy, each Plaintiff invested $75,000 into Dentistry X, LLC ("Dentistry X"), a Florida limited liability company of which the Debtor was the managing member. Each of the Plaintiffs did so based on false promises made by the Debtor.

9. Dentistry X was formed by the Debtor on or about October 23, 2019, for the purpose of investing in various dentistry related ventures.

10. The Debtor solicited investments from Plaintiffs, who each invested $75,000.00 in Dentistry X. The Debtor represented to Plaintiffs that they would be "Board Members" of Dentistry X.

11. The Debtor refused to produce financial documents. In or around December 2020, Plaintiffs served Debtor with a Demand for Recission and Inspection of Books and Records. The Debtor ignored this demand.

12. The Debtor further represented and agreed that if Plaintiffs wanted to withdraw from the venture, he would later pay them $125,000 each, i.e., he would pay them a return on their investments. This agreement was reflected in Dentistry X's operating agreement. The Plaintiffs chose to exercise this option in or around November 2020.

13. From January 2020 until present day, instead of investing Plaintiffs' money as promised and agreed, Plaintiffs are informed and believe and on that basis allege that the Debtor has used Dentistry X bank accounts as his personal line of credit, withdrawing and repaying loans at will without the knowledge, authorization, or consent of the members of Dentistry X.

14. Although as managing member of Dentistry X the Debtor owed a fiduciary duty to the Plaintiffs, *see* § 608.4225(1)(a), Fla. Stat., he instead used the assets of Dentistry X for his own benefit and depleted all of its assets to the detriment of Plaintiffs.

15. Ultimately, Dentistry X ceased operations in early 2021. No distribution was made to Plaintiffs from Dentistry X and the Debtor failed to honor his agreement to repurchase Plaintiffs' membership interests.

16. In or around February 2023, Plaintiffs filed a civil action against the Debtor in California Superior Court alleging, among other things, that Debtor committed fraud and breached the fiduciary duties owed to them while he was acting as the Manager of Dentistry X.

17. Each Plaintiff has suffered damages as a result of the Debtors fraudulent conduct.

18. In order to prosecute this action, Plaintiffs have been required to retain the services of the undersigned attorneys.

<u>**COUNT I**</u>
**Breach of Fiduciary Duty**

19. Plaintiffs reallege incorporate by reference each allegation contained in paragraphs 1 through 18 of this Complaint as though restated fully herein.

20. This is a claim against the Debtor for breach of fiduciary duty. It is brought on behalf of each of the three Plaintiffs.

21. The Debtor is, and at all times mentioned herein was, the managing manager of Dentistry X and took control, without Plaintiffs' consent, of all aspects of Dentistry X. As managing member of the company, the Debtor owed to each of the Plaintiffs a duty of loyalty and a duty of care.

22. The Debtor breached his fiduciary duty owed to Plaintiffs by:

   a. failing to make accurate and timely distributions to the members, including Plaintiffs, and by falsifying the K-1's issued to Plaintiffs and the Internal Revenue Service;

   b. intentionally usurping various corporate opportunities belonging to Dentistry X;

   c. using the Dentistry X bank accounts as his personal line of credit, withdrawing and repaying loans to himself and to his corporation at will without the knowledge, authorization or consent of Plaintiffs;

   d. embezzling funds through unauthorized payments to himself and his family members each month as additional management fees;

   e. engaging in self-dealing through an attempted purchase of a 51% equity stake deal in a Vancouver-based imaging center, and then presenting a falsified fee structure to the Plaintiffs after work had been completed; and

   f. engaging in self-dealing at a disadvantage to plaintiffs.

23. As a result of the breach of fiduciary duty owed by the Debtor to Plaintiffs, Plaintiffs have been damaged in excess of $225,000.

24. Because the Debtor's conduct was malicious, fraudulent and oppressive and done with a conscious disregard of Plaintiffs' rights, Plaintiffs are also entitled to exemplary and punitive damages in amount to be decided at trial.

## COUNT II
### Breach of Dentistry X's Shareholder Agreement

25. Plaintiffs reallege incorporate by reference each allegation contained in paragraphs 1 through 18 of this Complaint as though restated fully herein.

26. This is a claim against the Debtor for breach of Dentistry X's shareholder agreement. It is brought on behalf of each of the three Plaintiffs.

27. Since Plaintiffs executed a Shareholder Agreement (the "Agreement") with the Debtor in January 2020, Plaintiffs have done everything required of them pursuant to the terms of the agreement, but the Debtor breached the agreement by failing to protect Plaintiffs' investments, failing to keep Plaintiffs' investment separate from his own funds, failing to organize the investments lawfully as an LLC, failing to honor buy back provisions of the Agreement and otherwise failing to comply with the terms and conditions of the Agreement.

28. As a direct and proximate result of the breaches by Defendants, Plaintiffs have been damaged in an amount in excess of $225,000.

## COUNT III
### Equitable Accounting

29. Plaintiffs reallege incorporate by reference each allegation contained in paragraphs 1 through 18 of this Complaint as though restated fully herein.

30. This is a claim against the Debtor for equitable accounting. It is brought on behalf of each of the three Plaintiffs.

31. The Debtor is in sole possession of the books, assets, accounts and all other financial information of Dentistry X.

32. The Debtor has failed and refused, and continues to fail and refuse, to provide this information to Plaintiffs, and has blocked Plaintiffs' administrative access to the same. As such, the assets, liabilities, profits, and losses related to Dentistry X cannot be ascertained without a complete accounting of the ongoing financial operations of Dentistry X.

33. Plaintiffs are informed and believe, and based thereon allege, that such a full and complete accounting of the book and records (including computerized financial records) of Dentistry X, is the only way Plaintiffs can determine the amount of funds and proceeds due and owing to them and the only way Plaintiffs can calculate the precise amount of damages owed to them.

34. Plaintiffs have performed each and every obligation required of them by the Operating Agreement described herein, except those obligations that have been excused by the Debtor's breach.

35. As a direct and proximate result of the Debtor's breach of the Agreement as set forth herein, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT IV
### Fraud

36. Plaintiffs reallege incorporate by reference each allegation contained in paragraphs 1 through 18 of this Complaint as though restated fully herein.

37. This is a claim against the Debtor for fraudulent inducement. It is brought on behalf of each of the three Plaintiffs.

38. In or about August to November of 2019, the Debtor represented to Plaintiffs that he had several clinics contracted for services to be delivered upon website activation, that premium

6

prices were already set at $125-$200 per scan, that hundreds of scans per day were expected, and that a massive social media blitz would be activated by an already-hired marketing team to ensure a successful website launch.

39. Based on these representations, Plaintiffs invested their time, energy, and money with the Debtor by way of Dentistry X.

40. At all times herein, Plaintiffs reasonably relied on the representations described herein made by the Debtor.

41. The representations made by the Debtor were at all times false.

42. As a direct and proximate result of the Debtor's false representations as set forth herein, Plaintiffs have been damaged in an amount to be determined at trial.

43. Because the Debtor's conduct was malicious, fraudulent, oppressive, and done with a conscious disregard of Plaintiffs' rights, Plaintiffs are also entitled to exemplary and punitive damages in amount to be decided at trial.

## COUNT V
### Objection to Dischargeability Under 11 U.S.C. § 523(a)(2)(A)

44. Plaintiffs reallege incorporate by reference each allegation contained in paragraphs 1 through 18 of this Complaint as though restated fully herein.

45. This is a claim objecting to the dischargability of the Debtor's debts to Plaintiffs pursuant to 11 U.S.C. § 523(a)(2)(A). It is brought on behalf of each of the three Plaintiffs.

46. In or about August to November of 2019, in order to induce the Plaintiffs to invest in Dentistry X, the Debtor represented to Plaintiffs that he had several clinics contracted for services to be delivered upon website activation, that premium prices were already set at $125-$200 per scan, that hundreds of scans per day were expected, and that a massive social media blitz would be activated by an already-hired marketing team to ensure a successful website launch.

47. Based on these representations, Plaintiffs invested their time, energy, and money with the Debtor by way of Dentistry X.

48. The representations made by the Debtor were at all times false.

49. At all times herein, Plaintiffs reasonably relied on the representations described herein made by the Debtor and suffered damages as a result.

50. Plaintiffs' claims against the Debtor are for money obtained by false pretenses, a false representation, and actual fraud, other than a statement respecting the Debtor's or insider's financial condition. The Debtor's debts to Plaintiffs are therefore nondischargeable.

## COUNT VI
### Objection to Dischargeability Under 11 U.S.C. § 523(a)(4)

51. Plaintiffs reallege incorporate by reference each allegation contained in paragraphs 1 through 18 and 22 of this Complaint as though restated fully herein.

52. This is a claim objecting to the dischargability of the Debtor's debts to Plaintiffs pursuant to 11 U.S.C. § 523(a)(4). It is brought on behalf of each of the three Plaintiffs.

53. As managing-member of Dentistry X, the Debtor owed a fiduciary duty to each of the three Plaintiffs.

54. From January 2020 until present day, instead of investing Plaintiffs' money as promised and agreed, Plaintiffs are informed and believe, and on that basis allege, that Debtor used Dentistry X accounts as his personal line of credit, withdrawing and repaying loans at will without the knowledge, authorization or consent of the members of Dentistry X.

55. Plaintiff's claims against the Debtor are based on the Debtor's fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. The Debtor's debts to Plaintiffs are therefore nondischargeable.

## COUNT VII
### Breach of Buyout Agreement

56. Plaintiffs reallege incorporate by reference each allegation contained in paragraphs 1 through 18 of this Complaint as though restated fully herein.

57. This is a claim against the Debtor for breach of his agreement to buy the Plaintiff's membership interests in Dentistry X. It is brought on behalf of each of the three Plaintiffs.

58. Pursuant to the "pre-emptive rights" section of Dentistry X's shareholder agreement, a member wishing to disassociate from Dentistry X was required to first offer their shares to the Debtor at a price of $25,000 per share. *See* Ex. B (Shareholder Agreement) ¶ 14; *see also id.* ¶¶ 40-41 (titled "valuation"). The Plaintiffs exercised this option in November 2020.

59. The Plaintiffs then began negotiating with the Debtor regarding a potential buyout, not by Dentistry X, but by the Debtor personally.

60. Each of the Plaintiffs entered into a binding agreement with the Debtor in which the Debtor agreed to purchase their membership interests in Dentistry X for $72,000 each. *See* Ex. C (Hershberger acceptance); Ex. D (Moghaddam acceptance); Ex. E (Kats acceptance).

61. The Debtor has not made any payment to the Plaintiffs and is personally liable to each for breach of contract.

**WHEREFORE,** Plaintiffs pray for judgment against Defendant as follows:

    a) For damages according to proof at the time of trial;

    b) For punitive and exemplary damages in an amount sufficient to punish Defendant;

    c) Determining that the Debtor's debts to the Plaintiffs alleged in Counts I through IV of this Complaint are nondischargeable;

    d) For costs of suit herein; and

e) For such other relief as the court deems proper.

*[remainder of page intentionally left blank]*

Dated: November 14, 2023

Respectfully submitted,

GRAYROBINSON, P.A.
333 SE 2nd Avenue, Suite 3200
Miami, FL 33131
steven.solomon@gray-robinson.com
Telephone: (305) 913-0367
Facsimile: (305) 416-6887
By: /s/ Steven J. Solomon
Steven J. Solomon
Florida Bar No. 931969
Stephen K. Varnell
Florida Bar No. 1004236
*Counsel to Dr. Arezou Shahbazi, Dr. Joshua Kats and Dr. Sean Hershberger*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 14, 2023, a true and correct copy of the foregoing was served by electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List.

/s/ *Steven J. Solomon*
Steven J. Solomon, Esq.