**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsd.uscourts.gov

In re:

CASE NO.: 23-13357-PDR

Chapter 13

DAVID WALLACE GEMMELL

Adv. Proc. No. 23-01243-PDR

    Debtor.
_____/

Drs. Arezou Shahbazi, Joshua Kats,
and Sean Hershberger,

    Plaintiffs

vs.

DAVID WALLACE GEMMELL,

    Defendant.
_____/

**PLAINTIFFS' RESPONSE TO DEBTOR'S MOTION**
**TO DISMISS ADVERSARY COMPLAINT**

Drs. Arezou Shahbazi, Joshua Kats, and Sean Hershberger (collectively, "Creditors" or "Plaintiffs"), respond in opposition to the Debtor's *Motion to Dismiss Complaint* (the "Motion"). [ECF No. 20]. Creditors make the following arguments in opposition to the Motion.

**MEMORANDUM OF LAW**

**I.   Creditors' Have Standing to Assert Claims Against the Debtor**

The Debtor attempts to argue that Creditors do not have standing to sue him in his individual capacity, because "the Florida Agreement acted to shield the parties from individual liability," and that Counts I-IV should be dismissed as a result. ECF No. 20 at 4-5. Not so.

Although an individual does not incur liability "*solely* by reason of being a member or serving as a manager or managing member," *Dinuro Invs., LLC v. Camacho*, 141 So. 3d 731, 742 (Fla. 3d DCA 2014) (quoting § 608.4227(1), Fla. Stat.), this liability shield is overcome where a Plaintiff "alleges allege actual wrongdoing in the form of fraud, self-dealing or unjust enrichment," *Blue Water Innovations, LLC v. Fettig*, No. 18-60671-CIV, 2019 WL 1904589, at *6 (S.D. Fla. Mar. 8, 2019) (citation omitted). Creditors' Complaint does precisely this. *See* ECF No. 1 Counts I (alleging breach of fiduciary duty) and IV (alleging fraud); *see also* ECF No. 1 ¶ 22 (alleging the Debtor embezzled funds from Dentistry X and was engaged in self-dealing). And "Florida courts uniformly hold that if an officer, director, or agent commits or participates in a tort . . . that individual will be liable to third persons injured by his actions, regardless of whether liability attaches to the corporation for the tort." *Silverboys, LLC v. Joelsson*, No. 19-23171-CIV, 2020 WL 13401917, at *4 (S.D. Fla. Nov. 30, 2020) (quoting *Special Purpose Accounts Receivable Co-op Corp.*, 125 F. Supp. 2d 1093, 1104 (S.D. Fla. 2000)).

Additionally, the Debtor improperly attempts to rely on "a WY Agreement," which is neither mentioned in nor attached to the Complaint. *See* ECF No. 20 at 4-5. However, this Court must "limit[] its consideration to the pleadings and exhibits attached thereto" when deciding a Rule 12(b)(6) motion to dismiss." *Lewis v. Asplundh Tree Expert Co.*, 305 F. App'x 623, 627 (11th Cir. 2008) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (alterations in original); *see also Reynolds v. Gables Residential Servs., Inc.*, 428 F. Supp. 2d 1260, 1263 (M.D. Fla. 2006) ("the primary consideration of this Court in evaluating the efficacy of [Defendant's] exhibits to its motion to dismiss is whether or not the documents are referred to in the plaintiff's complaint, are central or integral to the plaintiff's claim, and undisputed.") (quoting *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281 (11th Cir. 1999)).

The Debtor's argument that "the FL agreement acted to shield the parties from individual liability contradicts his argument that a Wyoming Agreement novated the Florida Agreement. A novation is "a mutual agreement between the parties to discharge a valid existing obligation by the substitution of a new valid obligation." *De Las Cuevas v. Nat'l Enterprises Inc.*, 927 So. 2d 41, 44 (Fla. 3d DCA 2006). However, the Debtor improperly attempts to rely on *both* agreements in his defense. Moreover (and more importantly for purposes of resolving the Motion), a novation is an affirmative defense and the burden of pleading and proving a novation is on the party asserting it. *Sans Souci v. Div. of Fla. Land Sales & Condominiums, Dep't of Bus. Regul.*, 421 So. 2d 623, 631 (Fla. 1st DCA1982) ("a novation is a form of affirmative defense, and the party who advocates a novation has the burden of proving it by clear, satisfactory evidence.") (marks and cite omitted). Thus, any consideration of Debtor's novation argument is improper at this stage of the proceeding. *Pinnacle Holding, Inc. v. Biologics, Inc.*, 643 So. 2d 642, 644 (Fla. 1st DCA 1994) ("Although the existence of a novation can be a question of law where the terms of an agreement are not in doubt, where there are disputes concerning the terms of an agreement and the intention of the parties at the time of its making, these questions of fact should be submitted to the trier of fact for resolution.") (cites omitted).

## II. THE COMPLAINT ADEQUATELY ALLEGES FRAUD AGAINST THE DEBTOR

Count II states a claim for fraud. It alleges, in part, that:

> In or about August to November of 2019, the Debtor represented to Plaintiffs that he had several clinics contracted for services to be delivered upon website activation, that premium prices were already set at $125-$200 per scan, that hundreds of scans per day were expected, and that a massive social media blitz would be activated by an already-hired marketing team to ensure a successful website launch.

ECF No. 1 ¶¶ 36, 48. The Debtor argues that "these statements are equivalent to generalized expectations of business performance," ECF No. 20 at 3, and that they fail to satisfy the heightened

3

pleading standard. The Debtor's arguments in this regard do not hold weight.

The Motion asks when the Debtor made these statements. ECF No. 20 at 3. The allegations in the Complaint (and quoted in the Debtor's Motion) answer this question: "In or about August to November 2019." ECF No. 1 ¶ 38, 46; *see also* ECF No. 20 at 3 (quoting ECF No. 1 ¶¶ 38, 46). The Motion asks why the Debtor would make these statements if they were untrue. ECF No. 20 at 3. The allegations in the Complaint answer this question as well: in order to induce the Creditors to investment in Dentistry X. *See* ECF No. 1 ¶ 8 ("Prior to his filing for bankruptcy, each Plaintiff invested $75,000 into Dentistry X . . . . Each of the Plaintiffs did so based on false promises made by the Debtor."). The Motion then ponders how these statements mislead the Creditors. ECF No. 20 at 3. This too is answered by the allegations in the Complaint: the statements were, as the Debtor puts it, "expectations of business performance," ECF No. 20 at 3, which the Debtor knew to be false, ECF No. 1 ¶¶ 41-42, and Creditors reasonably relied on these statements when they chose to invest in the Debtor's company, ECF No. 1 ¶¶ 39-40. The Motion then asks "[w]ould Plaintiffs have acted differently" had the Debtor not made these statements. ECF No. 20 at 3. But the Complaint alleges clearly that "As a direct and proximate result of the Debtor's false representations as set forth herein, [Creditors] have been damaged." ECF No. 1 ¶ 42. The Motion continues to bemoan that "the Complaint does not specifically plead what Mr. Gemmell stood to gain by making the allegedly false representations." ECF No. 20 at 3. But the Complaint alleges that the Debtor was the managing member of Dentistry X, ECF No. 1 ¶ 8, and that "the Debtor has used Dentistry X bank accounts as his personal line of credit, withdrawing and repaying loans at will without the [Creditors'] knowledge, authorization, or consent," *id.* ¶ 13.

The Complaint states a claim against the Debtor for fraudulent inducement, even under the heightened pleading standards applicable to such a claim. The fraud-based claims in the Complaint

4

(Counts IV and V) should not be dismissed, and certainly not with prejudice as the Debtor argues. *See* ECF No. 4.

### III. CREDITORS HAVE PLEADED SUFFICIENT FACTS TO STATE A CLAIM IN ALL COUNTS

Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations must "give the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957). Factual allegations need only to "be enough to raise a right to relief above the speculative level." *Id.* at 555. Creditors' allegations satisfy this requirement.

#### A. Count I—Breach of Fiduciary Duty

Count I sufficiently alleges the Debtor breached a fiduciary duty owed to Creditors. ECF No. 1 ¶¶ 19-28. The Debtor argue that this claim "fails to establish the basis for duties owed" and should be dismissed. ECF No. 20 at 5. This argument ignores paragraph 14 of the Complaint which is incorporated into this Count. *See* ECF No. 1 ¶ 19. The Complaint alleges that "*as managing member of Dentistry X* the Debtor owed a fiduciary duty to the Plaintiffs." ECF No. 1 ¶ 14. And in support of the allegation the Complaint cites to § 608.4225(1)(a), Florida Statutes, which states that "each manager and managing member shall owe a duty of loyalty and a duty of care to the limited liability company and all of the members of the limited liability company." This claim is not subject to a heightened pleading standard and the Motion should be dismissed as to this claim.

#### B. Count II—Breach of Shareholder Agreement

In attacking Count II of the Complaint, the Debtor argues again that Creditors lack standing. These arguments have been addressed in Section II, *supra*. This claim includes the allegation that "the Debtor breached the agreement by failing to protect Plaintiffs' investments,

failing to keep Plaintiffs' investment separate from his own funds, failing to organize the investments lawfully as a limited liability company, failing to honor buy back provisions of the Agreement and otherwise failing to comply with the terms and conditions of the Agreement." ECF No. 1 ¶ 27. In addition to making the unsupported assertion that these allegations are "not plausible" (which they are) and "not specifically plead" (which they don't have to be), the Debtor argues that these allegations should be separated into different paragraphs. ECF No. 20 at 6. Not only are these allegations properly pleaded, but even if they are not, this is not a basis for dismissal with prejudice as advocated by the Debtor. ECF No. 20 at 6.

### C. Count III—Equitable Accounting

The Debtor next argues that Count III fails to state a claim for equitable accounting because the Complaint does not allege the basis for Creditors' entitlement to Dentistry X's financial records or "where and when Mr. Gemmell refused to provide same." ECF No. 20 at 6. Again, this is simply not true. Paragraph 11 (incorporated into this count in paragraph 29) alleges "[t]he Debtor refused to produce financial documents. *In or around December 2020, Plaintiffs served Debtor with a Demand for Recission and Inspection of Books and Records*. The Debtor ignored this demand." (emphasis added). Moreover "whenever there is a fiduciary relation such as that of trustee, agent, executor, etc., the right to an accounting in equity is undoubted." *Royal Indem. Co. v. Knott*, 101 Fla. 1495, 1507, 136 So. 474, 478 (1931). As explained above, the Debtor was the managing member of Dentistry X, and Florida's LLC statute makes clear that a managing member of an LLC owes a duty of loyalty which includes "[a]ccounting to the limited liability company and holding as trustee for the limited liability company any property, profit, or benefit derived by such manager or managing member in the conduct or winding up of the limited liability company." § 608.4225(1)(a), Fla. Stat. The Debtor's arguments to the contrary are unfounded.

### D. Counts IV and V—Fraud and Objection to Dischargeability Based on Fraud

The Debtor reiterates his earlier arguments that the Debtor's fraud-based claims are not sufficiently pleaded. These arguments have been addressed in Section II, *supra*. Creditors reincorporate those arguments here.

### E. Count VI—Objection to Dischargeability based on Debtor's Breach of Fiduciary Duty

Again, the Debtor reiterates his earlier arguments that the Debtor's breach of fiduciary duty claim is not sufficiently pleaded. This argument has been addressed in Section III.A, *supra*. Creditors reincorporate those arguments here. The Debtor further argues that "the Complaint fails to establish damages as a result of an alleged breach of fiduciary duty." ECF No. 20 at 7. However, the Complaint alleges "that Debtor used Dentistry X accounts as his personal line of credit, withdrawing and repaying loans at will without the knowledge, authorization or consent of the members of Dentistry X," ECF No. 1 ¶ 54, and that the Debtor's substantive claims against the Debtor "are based on the Debtor's fraud or defalcation while acting in a fiduciary capacity." *id.* ¶ 54. Count VI does not fail to state a claim.

### F. Count VII—Breach of Buyout Agreement

The Debtor misunderstands the nature of Creditors' claim for breach of buyout agreement. He argues that "the novated FL Agreement could not provide a basis for Plaintiffs to require Mr. Gemmell to buyback their shares in Dentistry X." ECF No. 20 at 7; *see also* Section I, *supra* (addressing novation). But this claim is not based on the FL Agreement, but on a separate buyout agreement entered between Creditors and the Debtor in November 2020. ECF No. 1 ¶ 58. This claim alleges that "[t]he Plaintiffs then began negotiating with the Debtor regarding a potential buyout, *not by Dentistry X, but by the Debtor personally*," and that "[e]ach of the Plaintiffs entered

7

into a binding agreement with the Debtor in which *the Debtor* agreed to purchase their membership interests in Dentistry X for $72,000 each." ECF No. 1 ¶¶ 59-60 (emphasis added).

The Debtor also argues that the buyout agreement was never binding. But here again, the Debtor improperly relies on factual assertions not contained within the four corners of the Complaint and which should not be considered in resolving the Debtor's Motion to Dismiss. *See, e.g.*, ECF No. 20 at 7 ("The Plaintiffs are well aware that the parties engaged in unsuccessful negotiations to resolve these disputes prior to the initiation of the California Action. Ultimately, the parties impassed; further demonstrating that there was in fact no agreement."). This Count states a claim for relief against the Debtor and should not be dismissed.

**WHEREFORE**, Creditors respectfully requests this Court deny the Debtor's *Motion to Dismiss Complaint* and grant any other such relief this Court deems just and proper.

Dated: February 16, 2024

Respectfully submitted,

GRAYROBINSON, P.A.
333 SE 2nd Avenue, Suite 3200
Miami, FL 33131
steven.solomon@gray-robinson.com
Telephone: (305) 913-0367
Facsimile: (305) 416-6887
By: /s/ Steven J. Solomon
Steven J. Solomon
Florida Bar No. 931969
Stephen K. Varnell
Florida Bar No. 1004236
*Counsel to Dr. Arezou Shahbazi, Dr. Joshua Kats and Dr. Sean Hershberger*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 16, 2024, a true and correct copy of the foregoing was served by electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List.

*/s/ Steven J. Solomon*
Steven J. Solomon
