**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

DAVID WALLACE GEMMELL                              Case No.: 23-13357-PDR
                                                   Chapter 13
      Debtor.
_____/

AREZOU SHAHBAZI, SEAN                              Adv. Case No.: 23-01243-PDR
HERSHBERGER, JOSHUA KATS

      Plaintiffs,
vs.

DAVID WALLACE GEMMELL

      Defendant.
_____/

## REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS COMPLAINT

DAVID WALLACE GEMMELL (*hereinafter*, the "Debtor" or "Defendant" or "Mr. Gemmell"), by and through undersigned counsel, hereby files this Reply to Plaintiffs' Response to Motion to Dismiss Complaint (the "Motion"), and states as follows:

**I.**    *SAMPSON* **STANDARD FOR PLEADING FRAUD NOT MET**

"Under Rule 9(b), a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiffs; and (4) what the defendants gained by the alleged fraud." *Sampson v. Washington Mut. Bank*, 453 F.App'x 863, 866 (11th Cir. 2011).

**a. Complaint alleges generalized representations with no precision and with one threadbare conclusion that the representations were false.**

The alleged representations found in Paragraph 38 of the Complaint include:

> "the Debtor represented to Plaintiffs that he had several clinics contracted for services to be delivered upon website activation, that premium prices were already set at $125-$200 per scan, that hundreds of scans per day were expected, and that a massive social media blitz would be activated by an already-hired marketing team to ensure a successful website launch."

These are not precise statements. These are general expectations of business performance. Paragraph 41 merely alleges that the statements "were at all times false." The Court must take the allegations as true, however, has discretion to dismiss where the claim is not plausible on its face. Here, Plaintiffs' claim is nothing more than a threadbare recital of the elements of fraud "supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### b. Allegations fail to describe 'where' the representations took place.

The date range of "August to November of 2019" is alleged to be when the representations were made, which is incredibly broad and without specificity. Further, there are no allegations as to where/how the representations were made. There are no attachments reflecting such statements about the business expectations. Were they verbal statements made through conversation over the phone? Over text messages? Etc.? The Defendant is in no position to respond if he cannot ascertain the precise statements alleged.

### c. The Complaint is completely silent as to the manner in which these statements misled the Plaintiffs.

In their Response to the Motion, Plaintiffs still fail to include any allegation as to how the expectations of business performance were misleading; only stating that the Plaintiffs "reasonably relied on these statements when they chose to invest." Prongs 1 and 2 refer to whether the statements were actually made, whereas prong 3 refers to whether the statements, if made, were

actually misleading. Only Paragraph 40 alleges that the "Plaintiffs reasonably relied on the representations." The conclusory allegation cannot give rise to a plausible claim on its face.

### d. The alleged gain of the Defendant is not related to the alleged misrepresentations.

Plaintiffs allege that Defendant "used Dentistry X bank accounts as his personal line of credit, withdrawing and repaying loans at will." However, this allegation is not related to a claim for fraudulent inducement. The Debtor allegedly induced the Plaintiffs into investing in a joint venture. If the Complaint alleged that the Debtor misappropriated the Plaintiffs' funds for his own use, then the Complaint may be in compliance with the *Sampson* standards; but, it fails to do so. The Dentistry X bank accounts, as the Plaintiffs would be aware, included investments from other parties as well as substantial revenue raised during operation of the business. The Debtor allegedly using the company's bank accounts has no connection with his alleged inducement of the Plaintiffs' investments.

WHEREFORE, the Debtor/Defendant, DAVID WALLACE GEMMELL, respectfully requests this Court enter an Order (i) granting this Motion; (ii) dismissing Counts I-VII of the Complaint with prejudice, and; (iii) for whatever other and further relief this Court deems just and proper.

**LIGHT & GONZALEZ, PLLC**
**Attorneys for the Defendant**

8751 W. Broward Blvd., Suite #206
Plantation, FL 33324
Phone: (754) 900-6545
Email: dustin@lightgonzalezlaw.com

By: /s/ *Dustin Piercy*
    **Dustin Piercy, Esq.**
    Florida Bar No.: 1030710

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the aforementioned Reply was served on this 1st day of March, 2024, via CM/ECF to all parties registered to receive electronic notice

By: /s/ *Dustin Piercy*
**Dustin Piercy, Esq.**
Florida Bar No.: 1030710