**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsd.uscourts.gov

In re:

CASE NO.: 23-13357-PDR

Chapter 13

DAVID WALLACE GEMMELL

Adv. Proc. No. 23-01243-PDR

    Debtor.
_____/

Drs. Arezou Shahbazi, Joshua Kats,
and Sean Hershberger,

    Plaintiffs

vs.

DAVID WALLACE GEMMELL,

    Defendant.
_____/

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, as made applicable to these proceedings by Rule 7015 of the Federal Rules of Bankruptcy Procedures, or Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, plaintiffs Drs. Arezou Shahbazi, Joshua Kats and Sean Hershberger (collectively, the "Creditors"), hereby moves for entry of an order granting leave to amend *Drs. Arezou Shahbazi, Joshua Kats and Sean Hershberger's Complaint Objecting to Dischargeability of Debt and Asserting State Law Causes of Action* (the "Complaint")[ECF No. 1]. In support of this motion, the Creditors allege as follows:

**BACKGROUND**

1. After a hearing conducted by this Court on March 22, 2024, this Court entered an *Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Complaint* (the "Dismissal Order") [ECF No. 30].

2. Pursuant to the Dismissal Order, the Creditors were given "…leave to file an amended complaint by or before thirty (30) days from the entry of this [Dismissal Order] order." Dismissal Order at ¶3. Therefore, the Creditors were given leave until April 22, 2024 (two days ago) to amend the Complaint consistent with the Dismissal Order (the "Filing Deadline"). Due to a clerical oversight, the deadline to file the amended complaint was not calendared.

3. On April 23, 2024, defendant, David Wallace Gemmell, debtor (the "Debtor") filed his *Defendant's Answer to Complaint*.

**RELIEF REQUESTED**

4. By this motion, the Creditors seek the entry of an order either (i) granting leave to amend the Complaint or (ii) extending the Filing Deadline in order for the Creditors to file the proposed *Drs. Arezou Shahbazi, Joshua Kats, and Sean Hershberger's Amended Complaint Objecting to Dischargeability of Debt and Asserting State Law Causes of Action* (the "Amended Complaint") in the form attached hereto as Exhibit "A".

**BASIS FOR RELIEF**

**I.   The Creditors Should Be Permitted to Amend Pursuant to FRCP 15**

5. Federal Rule of Civil Procedure 15 which governs amended and supplemental pleadings, provides, in pertinent part:

(a) AMENDMENTS BEFORE TRIAL.

2

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> > (A) 21 days after serving it, or
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Thus, Rule 15 in effect creates a presumption in favor of allowing amended pleadings. As this Court explained in *Hildebrand v. Honeywell*, 622 F.2d 179, 182 (5th Cir. 1980) (reversing order dismissing Title VII complaint without leave to amend) about when leave to amend should be provided:

> Moreover, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint shall be freely given when justice so requires. Permission should be denied only if it appears to a certainty that plaintiffs cannot state a claim showing they are entitled to relief or defendant will be unduly prejudiced. Griggs v. Hinds Junior College, 563 F.2d 179, 180 (5th Cir. 1977); Rohler, supra, 576 F.2d at 1266. Since the facts alleged in plaintiffs' original complaint were sufficient to notify defendant Honeywell of the theory of their claim and the grounds which support it, see Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), leave to amend to properly allege a claim under Title VII and the Age Discrimination in Employment Act should have been granted.
> Id. at 182 (5th Cir. 1980).

6. As to the permissible time limits for amendment, Rule 15 contains no express time limits, and federal courts have allowed parties to amend long after the original pleading has been filed. Although the passage of time is an important element bearing on the court's discretion, the Eleventh Circuit has held that "the mere passage of time, without anything more, is an insufficient reason to deny leave to amend." *Floyd v. Eastern Airlines, Inc.*, 872 F.2d 1462, 1490 (11th Cir. 1989), rev'd on other grounds, 499 U.S. 530 (1990). Rather, the crucial factors to be considered are the movant's motivations and whether granting leave to amend will unduly prejudice the adverse party. 872 F.2d at 1490. *Accord Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir. 2001).

3

7.      This motion is made in good faith and not for purposes of delay. In fact, this motion is being filed only two (2) days after the Filing Deadline, and the Pretrial Conference in this adversary proceeding is not scheduled until January 15, 2025 (nine months from now). As requested by the Debtor, the Dismissal Order gives the Debtor twenty (20) days to respond to the Amended Complaint. Therefore, the Debtor will not be prejudiced if the relief sought is granted because he will have ample opportunity to respond to the Amended Complaint. Moreover, the Debtor was anticipating the Amended Complaint which comports with the Dismissal Order and the Court's comments provided in open court.

## II.     The Creditors Should be Granted Leave Under FRCP 9006(b)(1)

8.      Where a party fails to timely act in accordance with a specified time period by order of the court, the Court may extend the time for such filings where for cause shown the party demonstrates "excusable neglect." See, Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, which provides, in pertinent part:

> on motion made after the expiration of the specified period permit the act to be done with the failure to act was the result of *excusable neglect* (emphasis added).

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court established a flexible analysis of excusable neglect. There, the Court held that an attorney's inadvertent failure to file a proof of claim can constitute excusable neglect under Bankruptcy Rule 9006(b)(1). *Id*. 507 U.S. at 382-84. Interpreting the plain meaning of the phrase "excusable neglect," the Court concluded, "Congress plainly contemplated that the courts would be permitted, [when] appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id*. at 388. In clarifying the meaning of excusable neglect as that term is used

4

in Bankruptcy Rule 9006(b)(1), the Supreme Court reviewed the meaning of the term in the context of non-Bankruptcy Rules that allow for late filings. *Id*. at 391-94 & 392 n. 9, (discussing Federal Rules of Civil Procedure 6(b), 13(f), and 60(b)(1) and (6) and Federal Rule of Criminal Procedure 45(b)). The Court's analysis of what constitutes excusable neglect for purposes of Rule 9006(b)(1) rested on the plain meaning of the term, and consideration of the same term in the context of both the Bankruptcy Rules and the Federal Rules of Civil Procedure.

9. Thus, the Court reasoned that "the determination of what constitutes 'excusable neglect' is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [adverse parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 396.

10. In so reasoning, the Supreme Court has acknowledged, "'[e]xcusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of movant." *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir.1995) (*quoting Pioneer*, 507 U.S. at 392). "Rather, [excusable neglect] may encompass delays 'caused by inadvertence, mistake, or carelessness,' . . . , at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit [.]" Id., (*quoting Pioneer*, 507 U.S. at 388, and 394-95, 113 S.Ct. at 1495 and 1498); see also *Natural Father and Natural Mother v. Tolbert*, 170 F.R.D. 107, 110 (S.D.N.Y.1997) (*internal citations and quotations omitted*) ("Excusable neglect encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness . . . ."). A determination of excusable neglect will not be overturned on appeal absent a showing of abuse of discretion.

5

*LoSacco*, 71 F.3d at 93 (citing, inter alia, *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 895-98 (1990)).

11. In adopting the reasoning in *Pioneer*, the Eleventh Circuit has advised that primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir.1996) (*citing Pioneer*). *See also Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir.1996). In overturning the district court's denial of Plaintiff's motion to set aside judgment on grounds of excusable neglect, the *Cheney* Court cited settlement discussions and continuing discovery as indicia that the non¬moving party "was [not] lulled to sleep or otherwise prejudiced by untimely filing." *Cheney*, 71 F.3d at 850. The *Cheney* Court reasoned that, although the circumstances of the error (miscommunication between lead counsel and an associate) were obviously within counsel's control, their noncommunication and resulting inaction amounted only to an "omission[ ] caused by carelessness." *Citing Pioneer* 507 U.S. at 395. The *Cheney* Court concluded by stating that:

> failure to comply with the filing deadline is attributable to negligence. There is no indication that counsel deliberately disregarded Local Rule 8.06. Anchor Glass has not argued that Cheney intended to delay the trial, or that he sought an advantage by filing late. The nonfiling was simply an innocent oversight by counsel.

*Cheney*, 71 F.3d at 850.

12. Applying the three-factor test articulated by the *Pioneer* court to the record here, the Amended Complaint should be accepted as timely. First, undersigned counsel to the Creditors' office inadvertently failed to calendar the filing dates provided by the Dismissal Order. Nevertheless, this motion is being filed only two (2) days after the Filing Date. The fact that there

was only a two-day delay also indicates that counsel to the Creditors is acting in good faith, and that no strategic benefit accrued to the Creditors by the late filing.

13. Second, there is no danger of prejudice to the Debtor by allowing the filing of the Amended Complaint. The purpose of the Amended Complaint is to comport the Creditors' causes of action against the Debtor to the Dismissal Order and otherwise attempt to revise allegations and claims consistent with comments from the bench in open court. Also, since the Pretrial Conference is not until January 15, 2025, the Debtor is not prejudiced by this brief delay. Moreover, as argued above, the Filing Deadline should not restrict the Creditors from what would otherwise have been authorized under Rule 7015 of the Federal Rules of Civil Procedure.

**WHEREFORE**, the Creditors move for entry of an order granting leave to file the Amended Complaint and for such other and further relief as the Court deems appropriate.

Dated: April 24, 2024

Respectfully submitted,

GRAYROBINSON, P.A.
333 SE 2nd Avenue, Suite 3200
Miami, FL 33131
steven.solomon@gray-robinson.com
Telephone: (305) 913-0367
Facsimile: (305) 416-6887
By: /s/ Steven J. Solomon
Steven J. Solomon
Florida Bar No. 931969
Christopher N. Johnson
Florida Bar No. 69329
Stephen K. Varnell
Florida Bar No. 1004236
*Counsel to Dr. Arezou Shahbazi, Dr. Joshua Kats and Dr. Sean Hershberger*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 24, 2024, a true and correct copy of the foregoing was served by electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List.

                                        */s/ Steven J. Solomon*
                                        Steven J. Solomon