UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

DAVID WALLACE GEMMELL                     Case No.: 23-13357-PDR
                                          Chapter 13
      Debtor.
_____/

AREZOU SHAHBAZI, SEAN                     Adv. Case No.: 23-01243-PDR
HERSHBERGER, JOSHUA KATS

      Plaintiffs,
vs.

DAVID WALLACE GEMMELL

      Defendant.
_____/

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendant DAVID WALLACE GEMMELL (*hereinafter*, the "Defendant" or "Debtor" or "Mr. Gemmell"), by and through his undersigned counsel, files this Response in Opposition to the Motion for Leave to File Amended Complaint (DE #34; *hereinafter*, the "Motion"), arguing that the Plaintiffs AREZOU SHAHBAZI, SEAN HERSHBERGER, JOSHUA KATS (*hereinafter, collectively*, the "Plaintiffs") have failed to establish good cause pursuant to Rules 4007 and 7015 of the Federal Rules of Bankruptcy Procedure, and in support thereof, states as follows:

### BACKGROUND

This is not the first time these Plaintiffs are before this Court asking for forgiveness and extra time. Mr. Gemmell's main Chapter 13 bankruptcy case was filed in April of 2023, containing a discharge objection deadline for July of 2023. The Plaintiffs, in July of 2023, requested additional

time to file their Section 523 complaint even though they had already filed a complaint against Mr. Gemmell in California state court. See *Bankr. DE #27*. The deadline extension request was reluctantly agreed to by the Debtor understanding that it would cause to delay confirmation of the Chapter 13 Plan. See *Bankr. DE #30*. With a new deadline for October of 2023, and six months after the bankruptcy case was filed, Plaintiffs sought an additional ninety-day extension. See *Bankr. DE #57*. The Debtor opposed the additional extension and argued lack of good cause citing *In re Leoni*, 2020 Bankr. LEXIS 2323, 2020 WL 5094662 (Bankr. N.D. Fla. August 11, 2020). Ultimately, this Court found that all but the prejudice factor enumerated by Judge Specie in *Leoni* were met, and so granted the extension by deeming a factually late-filed Complaint initiating this adversary proceeding as timely filed. See *Bankr. DE #76*. Because the Complaint was deficient and lacked facial plausibility, it was dismissed as to Counts I-VI. See *Adv. Pro. DE #30*. Further, because Plaintiffs failed to file their amended complaint within the time prescribed by this Court, Defendant filed his Answer & Affirmative Defenses to the operative Complaint in reliance upon the absence of an amendment. See *Adv. Pro. DE #33*. Defendant additionally propounded discovery upon Plaintiffs in reliance on the absence of an amended complaint. Now, all *Leoni* factors have been met, and Plaintiff's Motion should be denied with prejudice.

**ARGUMENT**

The Motion completely disregards Rule 4007 of the Federal Rules of Bankruptcy Procedure, which provides the deadline for filing a complaint under Section 523(c), and further allows a party in interest, *for cause*, to extend the time file the complaint. *Fed. R. Bankr. P. 4007* (emphasis added). Judge Specie in the Northern District of Florida has identified the following factors in determining whether cause exists to extend the deadline:

> (1) whether the debtor refused in bad faith to cooperate with creditor; (2) whether creditor had sufficient notice of the deadline and the information to

> file an objection; (3) the possibility that the proceedings pending in another forum will result in collateral estoppel; (4) whether creditor exercised diligence; (5) the complexity of the case; (6) whether granting the delay will prejudice the debtor; (7) the length of the delay and its impact on efficient court administration.

*In re Leoni* at 4, 5 citing *In re Tumbelson*, 596 B.R. 913, 915 (Bankr. N.D. Fla. 2018) (deriving factors one through five from *In re Ballas*, 342 B.R. 853 (Bankr. M.D. Fla. 2005)). The *Leoni* court goes on to describe the fourth factor, a creditor's diligence, as being "the most significant element to the test; a lack of diligence alone can preclude approval of an extension." *Id*. at 5.

The Motion further disregards the 'good cause' element of Rule 15 of the Federal Rules of Civil Procedure, made applicable to this matter pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure. *Fed. R. Bankr. P. 7015*. While the court has wide discretion to grant a motion for leave to amend a complaint, it may be denied "on 'numerous grounds' such as 'undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000), quoting *Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir. 1992). Failure to demonstrate good cause for such a delay may lead to a determination that leave be denied, which is reviewable under an abuse of discretion standard. *Id*.

The Motion, which cites to Rule 9006 of the Federal Rules of Bankruptcy Procedure, also fails to reference or discuss the 'cause' element. See *Fed. R. Bankr. P. 9006(b)(1)*. Moreover, the Motion fails reconcile that it was filed two days after the deadline in contravention of Rule 4007 previously discussed. See *In re Mendenhall*, 213 Bankr. LEXIS 3069, 7 (Bankr. N.D. Ala. July 31, 2013) ("[A] bankruptcy court has no authority to extend the deadline based on excusable neglect pursuant to Rule 9006(b)(3)).

At the specially set hearing on November 16, 2023, on Plaintiffs' Second Motion to Extend Time to File Section 523 Complaint (Bankr. DE #61), the Court went through the *Leoni* factors and found that the Plaintiffs exercised a lack of diligence; however, the Court found a lack of prejudice. It is now May of 2024, the operative Complaint contains only one count due to dismissal of the remaining counts, Defendant answered and propounded discovery prior to Plaintiffs filing the instant Motion. Mr. Gemmell still has been unable to seek confirmation of his Chapter 13 Plan due to the Plaintiffs' constant delays. At this point, though, the prejudice factor has unquestionably been met.

Assuming *arguendo* that Plaintiffs are correct in that the deadline prescribed by the Court may be extended by a showing of excusable neglect (and not subject to the requirements under Rule 4007) they have failed to show good cause for leave of such deadline. The initial Complaint was dismissed as to Counts I-VI leaving only Count VII. Plaintiffs' initial Complaint essentially copied its California state court complaint and added a scintilla of allegations regarding non-dischargeability. Plaintiffs arguably knew or should have known that the Complaint would be dismissed due to Debtor's counsel pointing out deficiencies in the California state court complaint throughout the claims objection process in the Chapter 13 main bankruptcy case. Yet they filed it anyway with little to no changes. Debtor can only assume that they did so in order to cause further delay to the timely administration of his bankruptcy case. The proposed amended complaint adds a number of newly raised allegations and features fourteen counts (up from seven) including alternative relief. Not only is the proposed amended complaint still deficient, it continues to paint a completely false and exaggerated picture of the true events.

## CONCLUSION

As such, and due to the lack of good cause shown, the Motion should be denied. Defendant would otherwise be prejudiced due to his own good faith reliance on the Complaint being the operative complaint when he filed his Answer & Affirmative Defenses and propounded discovery. Should this Court grant the Motion, Defendant seeks recovery of his reasonable attorneys' fees for preparing, filing, and arguing this Response as it would have been unnecessary for Defendant to pay such fees if Plaintiffs had otherwise complied with this Court's orders.

WHEREFORE, Defendant and Debtor, DAVID WALLACE GEMMELL, respectfully requests this Court enter an Order (i) denying the Motion with prejudice; (ii) determining the initial Complaint [DE #1] less the dismissed counts as the operative complaint; (iii) alternatively charging Plaintiffs with Defendant's reasonable attorneys' fees for preparing, filing, and arguing this Response, and; (iv) for whatever other and further relief this Court deems just and proper.

**LIGHT & GONZALEZ, PLLC**
**Attorneys for the Defendant**

8751 W. Broward Blvd., Suite #206
Plantation, FL 33324
Phone: (754) 900-6545
Email: dustin@lightgonzalezlaw.com

By: /s/ *Dustin Piercy*
    **Dustin Piercy, Esq.**
    Florida Bar No.: 1030710

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the aforementioned has been furnished on this 21st day of May, 2024, via CM/ECF to all parties registered to receive electronic notice.

By: /s/ *Dustin Piercy*
    **Dustin Piercy, Esq.**
    Florida Bar No.: 1030710