UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

DAVID WALLACE GEMMELL        Case No.: 23-13357-PDR
       Chapter 13
    Debtor.        Dismissed (July 3, 2024)
_____/

AREZOU SHAHBAZI, SEAN        Adv. Case No.: 23-01243-PDR
HERSHBERGER, JOSHUA KATS

    Plaintiffs,
vs.

DAVID WALLACE GEMMELL

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO 28 U.S.C. §1334(c)**

DAVID WALLACE GEMMELL (*hereinafter*, the "Debtor" or "Defendant"), by and through undersigned counsel, hereby files this Motion to Dismiss Pursuant to 28 U.S.C. §1334(c) (the "Motion") the instant adversary proceeding initiated by AREZOU SHAHBAZI, SEAN HERSHBERGER, and JOSHUA KATS (*hereinafter*, collectively, the "Plaintiffs"), and in support thereof, states as follows:

**FACTUAL BACKGROUND**

1. The Debtor voluntarily initiated his Chapter 13 bankruptcy case in order to manage payments to his unsecured creditors with allowed claims.

2. Plaintiffs each filed individual proofs of claims, to which the Debtor objected.

3. Plaintiffs then initiated this adversary proceeding seeking to (i) liquidate their claims for purposes of distribution, and (ii) determine their claims nondischargeable.

4. Debtor's Chapter 13 claims allowance process—as to Plaintiffs' claims—was consolidated with this adversary proceeding. *See* Bankr. DE #80.

5. On March 22, 2024, Defendant's Motion to Dismiss Complaint was granted as to Counts I-VI, without prejudice, and denied as to Count VII. *See* Adv. DE #30.

6. The Amended Complaint is the operative complaint, and no responsive pleading has been filed by Defendant.

7. On July 2, 2024, the Chapter 13 Trustee of Debtor's bankruptcy case recommended dismissal of the Chapter 13 case due to Debtor's failure to make his Plan payments. On July 3, 2024, the bankruptcy case was dismissed. *See* Bankr. DE #113.

8. Defendant now argues that the dismissal of the Chapter 13 case moots Plaintiff's nondischargeability counts, that this Court should exercise its discretion to abstain from hearing the remaining matters, and that this adversary proceeding should be dismissed in its entirety.

**ARGUMENT**

**I. THE NONDISCHARGEABILITY CLAIMS ARE MOOT**

"Mootness demands that there be something about the case that remains alive, present, real, and immediate so that a federal court can provide redress in some palpable way." *Gagliardi v. TJCV Land Trust*, 889 F.3d 728, 733 (11th Cir. 2018). Dismissal of an underlying bankruptcy case unequivocally moots nondischargeability actions. *Steed v. Educ. Credit Mgmt. Corp. (In re Steed)*, 614 B.R. 395 (Bankr. N.D.Ga. 2020), *citing U.S. v. Moseley (In re Moseley)*, 161 B.R. 382 (1992) ("It is simply not a justiciable issue unless there is a discharge to deny or a discharge from which to be excepted").

Plaintiffs' Amended Complaint includes nondischargeability counts that are now mooted by the dismissal of the underlying bankruptcy case. Such counts should be dismissed with

prejudice. To follow is a discussion of abstention and argument that this Court should dismiss the entire proceeding.

## II. THE COURT MAY AT ITS DISCRETION ABSTAIN

Bankruptcy court jurisdiction over adversary proceedings is not automatically divested of jurisdiction upon dismissal of the underlying bankruptcy case. *Morris v. Fid. & Deposit Co. of Md. (In re Morris)*, 950 F. 2d 1531 (11th Cir. 1992). "The decision whether to retain jurisdiction over the adversary proceeding should be left to the sound discretion of the bankruptcy court." *Id*. at 1534. Importantly, 28 U.S.C. §1334, in relevant part, states:

> (c)
>
> (1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. §1334(c). Post-*Morris* courts in the Eleventh Circuit follow a three-part test in determining whether to retain jurisdiction or abstain from an adversary proceeding following dismissal of the underlying bankruptcy case: "(1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved. *Id*. at 1534; *citing In re Smith*, 866 F. 2d 576 (3d Cir. 1989); *see also Steed v. Educ. Credit Mgmt. Corp. (In re Steed)*, 614 B.R. 395 (Bankr. N.D.Ga. 2020).

Here, the *Morris* factors weigh in favor of dismissing the entire adversary proceeding. Prior

to the bankruptcy case, Plaintiffs initiated a lawsuit against Defendant in California state court, which was stayed by the operation of 11 U.S.C. §362(a). The instant adversary proceeding consolidated the Debtor's claim allowance process in order to determine the existence and amount, if any, of Plaintiffs' claims, which do not present any federal questions nor are they matters related to the Bankruptcy Code. Plaintiffs merely allege state law claims that had arisen prior to the bankruptcy case. Judicial economy would be best served by this Court's abstention.

Dismissal of the bankruptcy case mooted the nondischargeability claims. The remaining claims in the adversary proceeding are essentially Debtor's claim objections. Upon dismissal of entire adversary proceeding, Plaintiffs will be in the same position they were in prior to the bankruptcy case. Therefore, fairness and convenience to the parties would be for this Court to decline to exercise jurisdiction over the adversary proceeding due to the dismissal of the bankruptcy case.

Finally, because the legal issues presented by Plaintiffs are not particularly difficult for another court to determine, the third prong of *Morris* also weighs in favor of this Court choosing to abstain from the adversary proceeding. The overriding factor in favor of abstention is the dismissal of the bankruptcy case and the fact that this adversary proceeding no longer has any effect on Debtor's bankruptcy case or estate. Dismissal of the bankruptcy case has turned the claims allowance process into a case dominated by state law claims with no remaining bankruptcy issues.

WHEREFORE, the Debtor/Defendant, DAVID WALLACE GEMMELL, respectfully requests this Court enter an Order (i) granting this Motion; (ii) exercising its discretion to abstain from the adversary proceeding, (iii) dismissing the entire adversary proceeding, and; (iv) for whatever other and further relief this Court deems just and proper.

**LIGHT & GONZALEZ, PLLC**
**Attorneys for the Defendant**

8751 W. Broward Blvd., Suite #206
Plantation, FL 33324
Phone: (754) 900-6545
Email: dustin@lightgonzalezlaw.com

By: /s/ *Dustin Piercy*
     **Dustin Piercy, Esq.**
     Florida Bar No.: 1030710

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the aforementioned has been furnished on this 3rd day of July, 2024, via CM/ECF to all parties registered to receive electronic notice.

By: /s/ *Dustin Piercy*
     **Dustin Piercy, Esq.**
     Florida Bar No.: 1030710